UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PAUL MILLER,

        Plaintiff,

Case No. 1:06-CV-222

v.

Hon. Richard Alan Enslen

AMERICAN MEDICAL SECURITY
LIFE INSURANCE COMPANY,

**ORDER**

        Defendant.
_____/

Defendant American Medical Security Life Insurance Company has moved to dismiss Plaintiff Paul Miller's *pro se* Complaint. Plaintiff's lawsuit alleges that he suffered a life-threatening illness (persistent infection requiring intravenous antibiotics) and that Defendant has failed to pay employee benefits due (portions of the doctors' bills, $3,000) under the employee health plan and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Oral argument as to the Motion to Dismiss is unnecessary.

Under Rule 12(b)(6), the district court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003). The allegations must be construed in the plaintiff's favor. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228-29 (6th Cir. 1997); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). Rule 12 and Rule 8 require only a "short

and plain statement of the claim" and not detailed allegations.  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993).  Pleadings drafted by a *pro se* party are held to even a less stringent standard, given the liberal policy of the Federal Rules of Civil Procedure and the interest in promoting the resolution of conflicts on their merits.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

This Court reads the *pro se* Complaint as seeking a claim for benefits under the Civil Enforcement provision of ERISA.  Although Defendant's Motion characterizes the medical treatment for which enforcement is sought as not relating to a life-threatening condition, Plaintiff's Complaint (which the Court construes as including allegations within his belatedly- filed document[1] titled "Answer") includes the allegation that the medical care delivered was emergency care necessary to save his life, his arm and his injured hand.[2]  (*See* Answer 1-2.)  Such an allegation is sufficient under Rule 12(b)(6) to support Plaintiff's claim for relief since the ERISA plan required Defendant to pay for all covered medical services by a "non-proffered provider" to treat a "life-threatening condition."  (Plan Certificate Rider 2.)  Defendant's contrary characterizations in the Motion (which characterize the hand infection as superficial and the hand surgery as routine) must be rejected in the context of the Rule 12(b)(6) analysis.

---

[1]Plaintiff is a *pro se* party not familiar with the Federal Rules of Civil Procedure.  Under Rule 15, Plaintiff may amend his complaint without leave of court prior to Defendant's answer.  The Court reads the Plaintiff's "Answer"as such, an amendment of his Complaint.  *See Haines*, *supra*; *see also Lepard v. NBD Bank*, 384 F.3d 232, 235 (6th Cir. 2004) (liberally construing *pro se* allegations despite plaintiff's non-compliance with Federal Rule of Civil Procedure 8).

[2]Whether or not this allegation is true cannot be determined at this time, particularly since the record is unclear about the overall status of Plaintiff's health (*i.e.,* did he have a compromised immune system from diabetes or other disease, *et cetera*).

**THEREFORE, IT IS HEREBY ORDERED** that Defendant American Medical Security Life Insurance Company's Motion to Dismiss (Dkt. No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that the assigned United States Magistrate Judge shall consider at the forthcoming Rule 16 conference whether appointment of counsel is necessary for Plaintiff pursuant to this District's *Pro Bono* Plan and/or whether Plaintiff, with the Court's assistance, may obtain the services of a qualified attorney specializing in ERISA matters for whom reimbursement might be ordered (should Plaintiff prevail) under 29 U.S.C. § 1132(g).

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>    July 17, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |